UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EMERY L. FRANKLIN III, | ) | CASE NO.   1:10-cv-00142-MJS (PC) |
| Plaintiff, | ) | ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND |
| v. | ) | (ECF No. 1) |
| UNITED STATES, | ) | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |
| Defendant. | ) | |

**SCREENING ORDER**

**I.   PROCEDURAL HISTORY**

On January 20, 2010, Plaintiff Emery L. Franklin III, a federal prisoner proceeding pro se and in forma pauperis, filed this civil action pursuant to the Federal Tort Claims Act ("FTCA"). (ECF No. 1.) Plaintiff consented to Magistrate Judge jurisdiction. (ECF No. 5.) Plaintiff's Complaint is now before the Court for screening .

**II.   SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief

1

against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

### III.   SUMMARY OF COMPLAINT

The Complaint names the United States as the sole defendant.

Plaintiff alleges:

On December 17, 2008, Bureau of Prison ("BOP") Employee Paul F. Lehmann Jr. was driving Plaintiff to the United States Penitentiary, Atwater ("Atwater").  Lehmann was speeding and driving recklessly.  "On M circle in Merced, California we had a head on collision with another vehicle." (Compl. at 2.)  Lehmann "nonchalantly" removed Plaintiff from the vehicle.  Plaintiff "felt a sharp pain in [his] neck, [his] upper and lower back, and [his] tailbone." (Id.)  Kyle S. Ray and Kirk Jon Duncan, both BOP employees, allowed Plaintiff to sit in the chaser car in pain for "[w]hat seem[ed] like five minutes . . . ." (Id. at 3.)  Lehmann then drove the chaser car recklessly to Atwater.

At the prison Plaintiff waited for "what seemed like hours" until a physician's assistant examined him. (Id.)  During the examination Plaintiff experienced ten times the pain he endured when Lehmann removed him from the car accident. (Id.)  Plaintiff ultimately "suffered a broken back, damaged disk, and other injuries." (Id. at 4.)

Plaintiff alleges that jurisdiction is proper because his previous unspecified tort claim was denied.  Plaintiff also requests that the Court assign him a lawyer.

## IV. ANALYSIS

### 1. FTCA

The FTCA, 28 U.S.C. §§ 1346(b), 2671–2680, waives the sovereign immunity of the United States for certain torts committed by federal employees.  FDIC v. Meyer, 510 U.S. 471 (1994).  The FTCA provides that district courts have exclusive jurisdiction of civil actions against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee" of the federal government while acting within the scope of his office or employment.  28 U.S.C. § 1346(b).  The FTCA allows federal inmates to sue the United States for injuries sustained while incarcerated.  28 U.S.C. § 2674.

The United States is the only proper defendant in a suit brought pursuant to the FTCA.  FDIC v. Craft, 157 F.3d 697, 706 (9th Cir. 1998); Kennedy v. United States Postal Serv., 145 F.3d 1077, 1078 (9th Cir. 1998).  "A claim against [a federal agency] in its own name is not a claim against the United States."  Kennedy, 145 F.3d at 1078.  Nor is an agency a proper defendant under the FTCA.  Craft, 157 F.3d at 706 (citing Shelton v. United States Customs Serv., 565 F.2d 1140, 1141 (9th Cir. 1977)).

Under the Federal Tort Claims Act a claim must be filed with the appropriate federal agency within two years of its accrual and suit must be commenced within six months of the agency's denial of the claim.  28 U.S.C. § 2401(b).  This administrative exhaustion requirement is mandatory and jurisdictional.  McNeil v. United States, 508 U.S. 106, 113

(1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). Exhaustion must be affirmatively alleged in the Complaint. Bettis v. Blackstone, 2009 WL 2971364, *2 n. 2 (E.D. Cal. Sept. 11, 2009) (citing Gillespie, 629 F.2d at 640.)

Plaintiff bears the burden of establishing jurisdiction under the FTCA. Industrial Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). This Court lacks jurisdiction over such claims unless Plaintiff specifically alleges compliance with the FTCA's administrative exhaustion requirement. Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980) ("The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA, and, as such, should be affirmatively alleged in the complaint.") A district court may dismiss a complaint for failure to allege this jurisdictional prerequisite. Id.

The first sentence of Plaintiff's Complaint reads: "After filing a Tort Claim and being denied any relief the Court now have jurisdiction to hear my case." (Compl. at 1.) Plaintiff gives no other information regarding his efforts to exhaust his administrative remedy. He has failed to allege sufficient facts to enable the Court to determine whether he has properly exhausted his administrative remedies. If Plaintiff did file a claim with the appropriate agency, he necessarily did so within the two year allowable period because his Complaint was filed within thirteen months after the claim accrued. However, Plaintiff does not explain where, when, how, and with what agency his claim was filed and when and how the agency acted on the claim. Thus the Court can not determine whether a proper and timely claim was filed with the proper agency (i.e., the Bureau of Prisons) or whether this suit was initiated within six months of the agency's denial.

4

In order to pursue a claim under the FTCA, Plaintiff must allege facts demonstrating that he (1) presented his claim to the appropriate federal agency "within two years after such claim accrues" and (2) Plaintiff's Complaint was commenced within six months of the agency's denial[1] of the claim.  28 U.S.C. § 2401(b).

## 2. Request for Appointment of Counsel

Plaintiff also requests that legal counsel be appointed to represent him.

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  See Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), withdrawn in part on other grounds on reh'g en banc, 154 F.3d 952 (9th Cir. 1998) (en banc).  Title 28 U.S.C. § 1915 confers on a district court only the power to "request" that counsel represent a litigant who is proceeding in forma pauperis.  See 28 U.S.C. § 1915(e)(1).

The Court may ask counsel to represent an indigent litigant under § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See Rand, 113 F.3d at 1525; Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).  Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915.  See id.

Plaintiff has yet to show the Court he can assert a cognizable claim.  A claim which

---

[1] The agency denial requirement is satisfied when the claim is actually denied or six months have passed without a final resolution having been made.  28 U.S.C. § 2675(a).

5

has not yet been screened and found to be cognizable can not be said to have a likelihood of success on the merits. Since this Court can not yet determine the likelihood Plaintiff will succeed on the merits, it can not determine if he meets the first prerequisite for appointment of an attorney. Accordingly, his request for the appointment of counsel is denied without prejudice. If he elects to resubmit a request for counsel, he is to do so in a separate motion, not as part of any proposed amended pleading.

## V.   CONCLUSION AND ORDER

Plaintiff's Complaint fails to state a claim upon which relief may be granted. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). In amending his complaint, Plaintiff shall take note of the following guidelines.

The United States is not liable under the FTCA for constitutional tort claims. Meyer, 510 U.S. 471, 478 (1994); Cato v. United States, 70 F.3d 1103, 1111 (9th Cir. 1995). The FTCA authorizes tort actions against the United States if the United States, as a private person, would be liable to Plaintiff under California tort law. United States v. Olson, 546 U.S. 43 (2005); Delta Savings Bank v. United States, 265 F.3d 1017, 1025 (9th Cir. 2001). Any duty owed to Plaintiff by the United States "must be found in California state tort law." Delta Saving Bank, 265 F.3d at 1025.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55,

57 (9th Cir. 1967). Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2. The Clerk's Office shall send Plaintiff a complaint form;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to prosecute.

IT IS SO ORDERED.

Dated:   October 25, 2011              /s/ *Michael J. Seng*
ci4d6                                  UNITED STATES MAGISTRATE JUDGE