1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMERY L. FRANKLIN III, | CASE NO.   1:10-cv-00142-MJS (PC) |
| Plaintiff, | ORDER DISMISSING PLAINTIFF'S FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| UNITED STATES, | (ECF No. 9) |
| Defendant. | AMENDED COMPLAINT DUE WITHIN THIRTY (30) DAYS |
| / | |

## SCREENING ORDER

### I.    PROCEDURAL HISTORY

On January 20, 2010, Plaintiff Emery L. Franklin III, a federal prisoner proceeding pro se and in forma pauperis, filed this civil action pursuant to the Federal Tort Claims Act ("FTCA").  (ECF No. 1.)  Plaintiff consented to Magistrate Judge jurisdiction.  (ECF No. 5.) Plaintiff's Complaint (ECF No. 1) was screened and dismissed, with leave to amend, on October 25, 2011, for failure to state a cognizable claim.  (ECF No. 8.)  Plaintiff's First Amended Complaint is now before the Court for screening.  (ECF No. 9.)

///

1

## II.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

## III.   SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff's First Amended Complaint names Paul F. Lehmann Jr., Correctional Officer at the United States Penitentiary, Atwater, as the sole defendant.

Plaintiff alleges the following:

On December 17, 2008, Bureau of Prison ("BOP") employee Paul F. Lehmann Jr. was driving Plaintiff to the United States Penitentiary, Atwater ("Atwater").  Lehmann was speeding and driving recklessly and caused a head-on collision.  Plaintiff's "neck snapped and [his] back and tailbone" were injured.  (Compl. at 4.)  Plaintiff suffered broken bones in his back, a "damaged disk and blunt force trama [sic]."  (Id.)

On January 6, 2009 Plaintiff filed a claim with the BOP.  It was denied April 27, 2009.  Plaintiff appealed the denial on May 15, 2009.  The appeal was denied on October 29, 2009.  (Id.)

2

## IV.   **ANALYSIS**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

The FTCA, 28 U.S.C. §§ 1346(b), 2671–2680, waives the sovereign immunity of the United States for certain torts committed by federal employees. FDIC v. Meyer, 510 U.S. 471 (1994).  The FTCA provides that district courts have exclusive jurisdiction of civil actions against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee" of the federal government while acting within the scope of his office or employment. 28 U.S.C. § 1346(b).  The FTCA allows federal inmates to sue the United States for injuries sustained while incarcerated. 28 U.S.C. § 2674.

The United States is the only proper defendant in a suit brought pursuant to the FTCA. FDIC v. Craft, 157 F.3d 697, 706 (9th Cir. 1998); Kennedy v. United States Postal Serv., 145 F.3d 1077, 1078 (9th Cir. 1998).  "A claim against [a federal agency] in its own name is not a claim against the United States." Kennedy, 145 F.3d at 1078.  Nor is an agency a proper defendant under the FTCA. Craft, 157 F.3d at 706 (citing Shelton v.

United States Customs Serv., 565 F.2d 1140, 1141 (9th Cir. 1977)).

Under the Federal Tort Claims Act a claim must be filed with the appropriate federal agency within two years of its accrual and suit must be commenced within six months of the agency's denial of the claim. 28 U.S.C. § 2401(b). This administrative exhaustion requirement is mandatory and jurisdictional. McNeil v. United States, 508 U.S. 106, 113 (1993) ("The FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."). Exhaustion must be affirmatively alleged in the Complaint. Bettis v. Blackstone, 2009 WL 2971364, *2 n. 2 (E.D. Cal. Sept. 11, 2009) (citing Gillespie v. Civiletti, 629 F.2d 637, 640 (9th Cir. 1980)).

Plaintiff bears the burden of establishing jurisdiction under the FTCA. Industrial Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990). This Court lacks jurisdiction over such claims unless Plaintiff specifically alleges compliance with the FTCA's administrative exhaustion requirement. Gillespie, 629 F.2d at 640 ("The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA, and, as such, should be affirmatively alleged in the complaint.") A district court may dismiss a complaint for failure to allege this jurisdictional prerequisite. Id.

The Court's previous screening order noted that the original complaint failed to satisfy the FTCA's jurisdictional prerequisite. In his amended pleading, Plaintiff alleges that he filed a claim with the appropriate agency, in this case the BOP, within two years of the accrual of his claim and that his administrative remedies were exhausted when the BOP affirmed the denial of his claim on October 29, 2009. Plaintiff initiated this action on January 20, 2010, within six months of the BOP's final denial. Based upon these representations, the Court finds that Plaintiff has sufficiently alleged exhaustion of his

administrative remedies in satisfaction of the FTCA's jurisdiction requirement.

However, Plaintiff still fails to state a claim.  In his original complaint Plaintiff correctly identified the United States as the sole defendant.  This was proper as the United States is the only proper defendant in a suit brought pursuant to the FTCA.  Kennedy, 145 F.3d at 1078.  Inexplicably, the First Amended Complaint replaces the United States with Officer Lehmann as the only defendant.


The FTCA provides the exclusive remedy for tortious conduct of federal employees acting within the course and scope of their employment when that conduct results in injury to or loss of property, personal injury, or death. Such actions must be brought solely against the United States, and no action may be maintained against the employees individually.  28 U.S.C. § 2679(b)(1).  Plaintiff cannot pursue his claim under the FTCA against Officer Lehmann individually.  Kennedy, 145 F.3d at 1078 ("Because the plaintiff brought an FTCA action against a person and entity not subject to the FTCA, the district court properly dismissed the named defendants.") If Plaintiff believes that Officer Lehmann's conduct violated his constitutional rights, he may consider a "Bivens" claim in a separate action.[1]

_____

[1] A Bivens action is an action that allows an individual to sue a federal employee for damages for violating an individual's Constitutional rights. Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). In order to maintain a Bivens action in federal court, a plaintiff must show that a federal employee violated one of the plaintiff's established Constitutional rights, see Maraziti v. First Interstate Bank, 953 F.2d 520, 523 (9th Cir. 1992), that an individual's established Constitutional right was violated by the federal employee while the employee was acting under the color of law, Bivens, 403 U.S. at 388, that the federal employee is being sued in his or her individual capacity, Vaccaro v. Dobre, 81 F.3d 854, 857 (9th Cir. 1996); Daly–Murphy v. Winston, 837 F.2d 348 (9th Cir. 1987), and that there is no alternative way in which the plaintiff can seek relief for the violation of the plaintiff's Constitutional right, Schweiker v. Chilicky, 487 U.S. 412, 423 (1988).  A Bivens claim cannot be asserted against the United States or an agency of the United States. Meyer, 510 U.S. 471, 484–86; Cato v. U.S., 70 F.3d 1103, 1110–11 (9th Cir. 1995). Bivens is not a mechanism for deterring the unconstitutional actions of a federal agency or the United States.  Meyer, 510 U.S. at 484–86.  Rather, the purpose of a Bivens action is to deter individual federal employees from committing Constitutional torts while acting under the color of law.

Should Plaintiff chose to submit an amended complaint, he must re-allege that he has exhausted his administrative remedies and he must name the United States as the sole defendant.

## V.   CONCLUSION AND ORDER

Plaintiff's First Amended Complaint fails to state a claim upon which relief may be granted.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).  In amending his complaint, Plaintiff shall take note of the following guidelines.

The United States is not liable under the FTCA for constitutional tort claims. Meyer, 510 U.S. 471, 478 (1994); Cato v. United States, 70 F.3d 1103, 1111 (9th Cir. 1995). The FTCA authorizes tort actions against the United States if the United States, as a private person, would be liable to Plaintiff under California tort law.  United States v. Olson, 546 U.S. 43 (2005); Delta Savings Bank v. United States, 265 F.3d 1017, 1025 (9th Cir. 2001). Any duty owed to Plaintiff by the United States "must be found in California state tort law." Delta Saving Bank, 265 F.3d at 1025.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Plaintiff is warned that "[a]ll causes of action alleged in an original

---

Correctional Services Corp. v. Malesko, 534 U.S. 61, 70–71 (2001); Meyer, 510 U.S. at 485.

6

complaint which are not alleged in an amended complaint are waived." <u>King v. Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987). Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1.      Plaintiff's First Amended Complaint is dismissed, with leave to amend, for failure to state a claim;

2.      The Clerk's Office shall send Plaintiff a complaint form;

3.      Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to prosecute.

IT IS SO ORDERED.

Dated:   November 30, 2011            /s/ *Michael J. Seng*
ci4d6                                  UNITED STATES MAGISTRATE JUDGE