1
2
3
4
5
6
7
8               IN THE UNITED STATES DISTRICT COURT FOR THE
9                       EASTERN DISTRICT OF CALIFORNIA
10
11   EMERY L. FRANKLIN,                         1:10-cv-00142-MJS-(PC)
12              Plaintiff,
                                                ORDER DENYING MOTION FOR
13   vs.                                        APPOINTMENT OF COUNSEL
14   UNITED STATES,
15              Defendant.                       (ECF No. 18)
16   _____/

17        Plaintiff Emery L. Franklin ("Plaintiff") is a prisoner proceeding pro se in a civil rights

18   action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,

19   403 U.S. 388 (1971). On January 24, 2012, Plaintiff filed a motion seeking the appointment

20   of counsel.

21        Plaintiff does not have a constitutional right to appointed counsel in this action,

22   Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an

23   attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States

24   District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816

25   (1989).

26        In certain exceptional circumstances the Court may request the voluntary assistance

27   of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.  However, without a

28

                                          -1-

1  reasonable method of securing and compensating counsel, the Court will seek volunteer

2  counsel only in the most serious and exceptional cases.   In determining whether

3  "exceptional circumstances exist, the district court must evaluate both the likelihood of

4  success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light

5  of the complexity of the legal issues involved."  Id. (internal quotation marks and citations

6  omitted).

7       In the present case, the Court does not find the required exceptional circumstances.

8  Even if it is assumed that Plaintiff is not well versed in the law and that he has made

9  serious allegations which, if proved, would entitle him to relief, his case is not exceptional.

10  This Court is faced with similar cases almost daily.   Further, at this early stage in the

11  proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on

12  the merits, and based on a review of the record in this case, the Court does not find that

13  Plaintiff cannot adequately articulate his claims.  Id.

14       For the foregoing reasons, Plaintiff's Motion for Appointment of Counsel is DENIED,

15  without prejudice.

16  IT IS SO ORDERED.

17  Dated:    January 27, 2012              /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28