IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMERY I. FRANKLIN, | CASE No. 1:10-cv-00142-LJO-MJS (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL |
| vs. | |
| UNITED STATES, | (ECF No. 36) |
| Defendant. | |
| _____/ | |

      On January 20, 2010, Plaintiff Emery Franklin, a federal prisoner proceeding pro se and in forma pauperis, filed this civil action pursuant to the Federal Tort Claims Act ("FTCA"). (ECF No. 1.) On July 30, 2012, Plaintiff filed a motion to appoint counsel (Mot. Appt. Counsel, ECF No. 36), which is now before the Court.

      Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (partially overruled on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998)), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

      Without a reasonable method of securing and compensating counsel, the Court

will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id.

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff can not adequately articulate his claims. Id.

For the foregoing reasons, Plaintiff's Motion to Appoint Counsel (ECF No. 36) is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   July 31, 2012                        /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE