1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

11  EMERY I. FRANKLIN,                              CASE No. 1:10-cv-00142-LJO-MJS (PC)

12
13                          Plaintiff,            ORDER DENYING PLAINTIFF'S REQUEST
                                                  FOR RECONSIDERATION
14          v.
                                                  (ECF No. 60)
15  UNITED STATES,

16
17                          Defendant..
18  _____/

19          On January 20, 2010, Plaintiff Emery I. Franklin, a federal prisoner proceeding

20  pro se and in forma pauperis, filed this civil action pursuant to the Federal Tort Claims

21  Act ("FTCA"). (ECF No. 1.) The action proceeds on Plaintiff's Second Amended

22  Complaint for negligence against the United States. (ECF No. 13.) Defendant filed its

23  Answer on April 19, 2012. (ECF No. 22.)

24          Plaintiff filed a Motion for Summary Judgment on January 30, 2013. (ECF No.

25  53.) On February 5, 2013, Defendant filed an Ex Parte Request to Extend Time to

26  Respond to the Motion. (ECF No. 56.) The Court on February 6, 2013 granted

27  Defendant's request and extended to March 11, 3013, Defendant's deadline  to

28  respond to Plaintiff's Motion. (ECF No. 57.)

Pending before the Court is Plaintiff's February 19, 2013 Response to Defendant's Ex Parte Request. (ECF No. 60.) The Court construes this as a request for reconsideration of its February 6, 2013 Order.

Rule 60(b)(6) allows the Court to relieve a party from an order and judgment for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. In seeking reconsideration of an order, Local Rule 230(j) requires a party to identify the motion or order in issue and when it was made, and show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the . . . court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009), and "[a] party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation . . ." of that which was already considered by the court in rendering its decision. U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Plaintiff's request for reconsideration shall be denied.

Plaintiff argues Defendant has engaged in discovery and other delaying tactics. He has not identified any new facts, or legal or factual error, or any other reasonable grounds to justify reconsideration of the Court's Order. Indeed, requests for extension of time made before the deadline has passed normally should be and usually are granted absent of bad faith or prejudice to the adverse party. Fed. R. Civ. P. 6(b)(1); Ahanchian v. Xenon Pictures, Inc. , 624 F.3d 1253, 1259 (9th Cir. 2010). The Court sees no evidence of bad faith or prejudice.

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's Response to the Ex Parte Request for Extension of Time construed as a request for reconsideration of the Court's February 6, 2013 Order (ECF No. 60) is DENIED.

IT IS SO ORDERED.

Dated:    February 28, 2013              /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE