1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

10  EMERY I. FRANKLIN,                    CASE No. 1:10-cv-00142-LJO-MJS (PC)

11              Plaintiff,               ORDER (1) GRANTING IN PART AND
12                                        DENYING IN PART PLAINTIFF'S MOTION
                                          TO COMPEL FURTHER RESPONSES TO
13      v.                                SET ONE REQUEST FOR PRODUCTION
                                          and (2) DENYING CROSS-MOTIONS FOR
14                                        DISCOVERY SANCTIONS
    UNITED STATES,
15                                        (ECF Nos. 49, 51)

16              Defendant.               FURTHER RESPONSES DUE IN THIRTY
                                          (30) DAYS
17
18  _____/

19  **I.    PROCEDURAL HISTORY**

20          On January 20, 2010, Plaintiff Emery I. Franklin, a federal prisoner proceeding

21  pro se and in forma pauperis, filed this civil action pursuant to the Federal Tort Claims

22  Act ("FTCA") for personal injuries arising from a motor vehicle accident. (ECF No. 1.)

23  The action proceeds on Plaintiff's Second Amended Complaint for negligence against

24  the United States. (ECF No. 13.) Defendant filed its Answer on April 19, 2012. (ECF

25  No. 22.)

26          Now pending before the Court is Plaintiff's January 2, 2013 Motion to compel

27  further responses to his May 21, 2012 request for production, set one, items 6, 7, 10,

28  11, 12, 13, and for sanctions. (ECF No. 49.) Defendant filed Opposition to the Motion

on January 17, 2013, and also requested sanctions. (ECF No. 51.) Plaintiff filed a Response to Defendant's Opposition on February 6, 2013. (ECF No. 58.) The Motion is deemed submitted for ruling. Local Rule 230(l).

## II.   LEGAL STANDARDS

### A.   Discovery Motions

Plaintiff is a federal prisoner proceeding pro se. As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute. Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rule 230; ECF No. 24 at ¶5.

However, regardless of Plaintiff's incarceration, this is a civil action to which the Federal Rules of Civil Procedure apply, and the discovery process is subject to the overriding limitation of good faith. Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981). Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense, and for good cause, the Court may order discovery of any matter relevant to the subject matter involved in the action. Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Id.

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified. E.g., Grabek v. Dickinson, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Mitchell v. Felker, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008). This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious. Grabek, 2012 WL 113799, at *1; Womack v. Virga, 2011 WL 6703958, at *3 (E.D. Cal. December 21, 2011).

Nonetheless, the Court is vested with broad discretion to manage discovery, Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002), and where the discovery request seeks information which, based on the record, is clearly within the scope of discovery and the objection lacks merit, the Court may elect to exercise its discretion to reach the merits of the dispute, the moving party's initial burden notwithstanding. Marti v. Baires, 2012 WL 2029720, at *3 (E.D. Cal. Jun. 5, 2012); Williams v. Adams, 2009 WL 1220311, at *1 (E.D. Cal. May 4, 2009).

Courts in the Eastern District of California have required, "at a minimum, [that] the moving party plaintiff has the burden of informing the court (1) which discovery requests are the subject of his motion to compel, (2) which of the defendant's responses are disputed, (3) why he believes the defendant's responses are deficient, (4) why the defendant's objections are not justified, and (5) why the information he seeks through discovery is relevant to the prosecution of this action." Walker v. Karelas, 2009 WL 3075575 at *1 (September 21, 2009); Brooks v. Alameida, 2009 WL 331358 at *2 (February 10, 2009).

The court must limit discovery if the burden of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C)(iii). "In each instance [of discovery], the determination whether . . . information is discoverable because it is relevant to the claims or defenses depends on the circumstances of the pending action." Fed. R. Civ. P. 26 Advisory Committee's note (2000 Amendment) (Gap Report) (Subdivision (b)(1)).

## B. Requests for Production

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample items in the responding party's possession, custody or control. Fed. R. Civ. P. 34(a)(1).

1
2
3
4

### III.   Discussion

Plaintiff seeks further responses to his request for production, set one, items 6, 7, 10, 11, 12, and 13. Each of the parties has requested Rule 37 monetary sanctions against the other.

5

### A.   Plaintiff's Argument In Support

6
7
8
9
10
11
12
13
14
15
16

Plaintiff argues that (1) he inadvertently named U.S. Attorney Ben Wagner as the "responding party"; (2) he subsequently narrowed his requests to items in Defendant's possession, custody and control concerning phone records, emails and text messages of Correctional Officer Paul Lehmann, Defendant's employee driving the medical transport at the time of the December 17, 2008 incident, and other unspecified escorting officers, and their employers (ECF 50 at 2, 34; ECF 58 at 3), and video of USP Atwater CMS facilities and Unit 6-A from December 17, 2008 to May 6, 2009; (3) the six hundred and sixty-nine documents produced on October 26, 2012 by defense counsel in response to Plaintiff's set two request for production are "mostly inconsequential" (ECF No. 50 at 6); and, (4) Rule 37 sanctions in the sum of $98.36 are appropriate given Defendant's continued refusal to properly respond to the discovery.

17

### B.   Defendant's Argument In Opposition

18
19
20
21
22
23
24

Defendant argues that (1) Plaintiff failed to set this matter for hearing, Local Rule 251(a); (2) Plaintiff failed to confer in advance of the Motion, Local Rule 251(b); (3) the Motion is not supported by a joint statement of discovery dispute as required by Local Rule 251(c); (4) the discovery improperly seeks production from non-parties, Fed. R. Civ. P. 34, (ECF 51 at 1:18-22); (5) Defendant has produced in response to Plaintiff's set two request for production of documents, request number 15, all relevant document in its possession that are responsive to the instant set one requests (Id.)[1], and Plaintiff

25
26
27
28

---

[1] Set two production request number 15, seeks "[A]ll documents that contain, mention, construe or refer to the hours of 10:00 a.m. - when Plaintiff was being escorted and - 1:00 p.m. - when the head-on collision occur - from the escort Paul Lehman, including but not limited to e-mails, cell phone records, record of Internet usage and record of all usage of electronic devices December 17, 2008."

has been so advised (Id. at 7:4-5); and, (6) Plaintiff should be sanctioned under Rule 37 for reasonable costs incurred in opposing this Motion in the sum of $2400. (Id. at 7:6-9; ECF 51-1 at ¶ 11.)

**C.    Analysis**

Having considered Plaintiff's Motion, Defendant's Opposition, Plaintiff's Reply and the relevant discovery requests and responses, the Court rules as follows:

1.    **Defendant's Procedural Objections**:

Defendant objects the Motion is procedurally deficient because Plaintiff failed to set this matter for hearing and prepare a joint statement regarding the discovery dispute.

These objections are overruled. This pro se prisoner motion need not be set for hearing and is not subject to the joint statement requirements of Local Rule 251. Local Rule 230(l); ECF No. 24 at ¶5.

2.    **Production Request No. 6:** "All phone records from defendant and escorts from 8:30 a.m. to 1 p.m. December 17, 2008."

**Response:** "Responding party objects to this request on the grounds that he is not a party to this case and Rule 34 does not authorize the Plaintiff to request production of documents from him. To the extent that a nonparty can be compelled to produce documents, all documents regarding the substance of this complaint are protected from discovery by the attorney-client privilege and the work product privilege. Responding Party also objects to this request as overly broad and unduly burdensome. Responding Party also objects to the term "defendant" as vague and ambiguous, in that this is a Federal Tort Claims Act (FTCA) case, wherein the "defendant" is the United States. No documents will be produced in response to this request."

**Ruling:** Defendant's objections on the grounds that Plaintiff requests discovery from a nonparty and that the term "defendant" is vague and ambiguous are sustained.

Plaintiff's request on its face seeks responses from defense counsel, a non-party. The error is understandable and might not have been fatal if Defendant had relied exclusively on it and not responded. However, the error was pointed out to Plaintiff who, rather than serving corrected requests, compounded the problem by indicating in subsequent correspondence to defense counsel that he meant to request responses from nonparties USP-Atwater, escort officer Lehmann, and two other unnamed escorts. Thus it remains unclear from whom Plaintiff was seeking documents and whether the discovery was directed to a party or a non-party. For the same reasons, the requests are uncertain as to the identity and capacity of the "defendant" referred to therein.

To the extent Plaintiff may have subsequently narrowed the set one requests to the records of Officer Lehmann, ambiguity remains as to the time frame covered and whether Plaintiff seeks records within or beyond Defendant's possession, custody, or control.[2] Similarly, the narrowing of the scope of the requests to records of unnamed escort officers and their employers leaves it uncertain whose records are sought, what records are sought, and what time frame is intended.[3]

Defendant's remaining grounds for objection are overly broad boilerplate, lack necessary specificity and are overruled. Burlington Northern & Santa Fe. Ry. Co., v. U.S. Dist. Court for Dist. of Mont., 408 F.3d 1142, 1149 (9th Cir. 2005). Defendant has not sufficiently clarified, explained, and supported these grounds for objection. El–Shaddai v. Wheeler, 2009 WL 301824 at *2 (E.D. Cal. 2009).

The foregoing aside, as noted above, the Court is vested with broad discretion to manage discovery, Hunt, 672 F.3d at 616; Surfvivor Media, Inc., 406 F.3d at 635;

---

[2] Property is deemed within a party's possession, custody, or control if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand. Allen v. Woodford, No. CV–F–05–1104 OWW LJO, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007), citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995); accord Bovarie v. Schwarzenegger, No. 08cv1661 LAB (NLS), 2011 WL 719206, at *4 (S.D. Cal. Feb. 22, 2011); Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D. Cal. Mar.19, 2010).

[3] See n.2.

-6-

Hallett, 296 F.3d at 751, and where the discovery request seeks information which, based on the record, is clearly within the scope of discovery and objection lacks merit, the Court may elect to exercise its discretion to reach the merits of the dispute, the moving party's initial burden notwithstanding. Marti, 2012 WL 2029720 at *3; Williams, 2009 WL 1220311 at *1. In this regard the Court has considered what it believes to be the reason for, nature, scope and reasonableness of Plaintiff's instant discovery and what Defendant ultimately provided in its response to set two requests for production. Specifically, the Court has examined Plaintiff's set two request for production of documents, request number 15 which seeks:

> "[A]ll documents that contain, mention, construe or refer to the hours of 10:00 a.m. - when Plaintiff was being escorted and - 1:00 p.m. - when the head-on collision occur - from the escort Paul Lehman, including but not limited to e-mails, cell phone records, record of Internet usage and record of all usage of electronic devices December 17, 2008."

The Court finds this request to be appropriate and in keeping with the dictates of the Federal Rules of Civil Procedure.

Defendant lodged boilerplate objections on grounds of overbreadth, lack of particularity, and confidentiality/privacy, but agreed to produce:

> "[R]elevant portions of the documents relating to the mobile telephone designated for medical trips by the Bureau of Prisons on the relevant date, which are identified as: Verizon Records, US 00001-00047. No other responsive documents are currently known to exist."

(ECF 51-1 at 12:1-9.) Defendant later supplemented this production with redacted medical travel and training logs, and medical records related to Plaintiff's December 17, 2008 procedure. (Id. at 20.)

It is unclear from Defendant's response to set two request number 15, which is limited to "relevant" documents relating to a singular telephone, and supplemental medical logs and records, whether Defendant has fully complied with request number

15. The request appears to extend to "all documents" relating to the escort and the time period specified. Reasonableness also limits the request to documents relating to the incident at issue in this case. Objections to producing same on the grounds of relevancy, overbreadth and lack of particularity are overruled. Objection on privacy/confidentiality grounds can not be ruled upon based on the information presently before the Court.

Accordingly, absent some further valid showing of privacy, confidentiality or privilege, Defendant is ordered to produce to Plaintiff within thirty days of this Order all documents in its possession, custody or control containing, referring to, relating to or otherwise reflecting communications with, to or about escort Paul Lehman and the event and the time period described in the set two request number 15 or attest that no such documents are currently known to exist beyond those already produced.

3.    **Production Request No. 7:** "All text messages sent from defendant and escorts from 8:30 a.m. to 1 p.m. December 17, 2008."

**Response:** "Responding party objects to this request on the grounds that[:] he is not a party to this case and Rule 34 does not authorize the Plaintiff to request production of documents from him[;] . . .[t]o the extent that a nonparty can be compelled to produce documents, all documents regarding the substance of this complaint are protected from discovery by the attorney-client privilege and the work product privilege[;] . . . [the] request [is] overly broad and unduly burdensome[;] the term "defendant" [is] vague and ambiguous in that this is a Federal Tort Claims Act FTCA) case [in which] the "defendant" is the United States[;] [and further] . . . to the extent it seeks information protected by the law enforcement privilege, material whose disclosure would violate the privacy interests of persons not parties to this litigation, or any other applicable privilege. No documents will be produced in response to this request."

**Ruling:** For all the reasons discussed above, Defendant's various objections are sustained and/or overruled as set forth above, and Defendant is ordered

to respond further as directed above.

4.    **Production Request No. 10:** "All U-Tube records from defendant and escorts from 8:30 a.m. to 1 p.m. December 17, 2008."

**Response:** "Responding party objects to this request on the grounds that he is not a party to this case and Rule 34 does not authorize the Plaintiff to request production of documents from him. To the extent that a nonparty can be compelled to produce documents, all documents regarding the substance of this complaint are protected from discovery by the attorney-client privilege and the work product privilege. Responding Party also objects to the term "defendant" as vague and ambiguous, in that this is a Federal Tort Claims Act (FTCA) case, wherein the "defendant" is the United States. No documents will be produced in response to this request."

**Ruling:**   For all the reasons discussed above, Defendant's various objections are sustained and/or overruled as set forth above, and Defendant is ordered to respond further as directed above.

5.    **Production Request No. 11:** "All hand-held electronic device records from defendant and escorts from 8:30 a.m. to 1 p.m. December 17, 2008."

**Response:** "Responding party objects to this request on the grounds that he is not a party to this case and Rule 34 does not authorize the Plaintiff to request production of documents from him. To the extent that a nonparty can be compelled to produce documents, all documents regarding the substance of this complaint are protected from discovery by the attorney-client privilege and the work product privilege. Responding Party also objects to the term "defendant" as vague and ambiguous, in that this is a Federal Tort Claims Act (FTCA) case, wherein the "defendant" is the United States. Responding Party also objects to this request as overly broad and unduly burdensome. Responding Party objects to the phrase "hand-held electronic device" on the ground it is vague and ambiguous. No documents will be produced in response to this request."

**Ruling:**   Defendant's objection on grounds the phrase "hand-held electronic device" is vague and ambiguous is overruled. The meaning of this phrase is reasonably clear from its context and common usage. In all other respects, Defendant's various objections are sustained and/or overruled as set forth above, and Defendant is ordered to respond further as directed above.

6.   **Production Request No. 12:** "All recordings in connection to this action."

**Response:** "Responding party objects to this request on the grounds that he is not a party to this case and Rule 34 does not authorize the Plaintiff to request production of documents from him. To the extent that a nonparty can be compelled to produce documents, all documents regarding the substance of this complaint are protected from discovery by the attorney-client privilege and the work product privilege. Responding Party also objects to the term "in connection to" as vague and ambiguous. No documents will be produced in response to this request."

**Ruling:** Defendant's objections, other than on grounds the phrase "in connection to" is vague and ambiguous, are sustained and/or overruled as set forth above.

Defendant's objection on grounds the phrase "in connection to" is vague and ambiguous is sustained. The meaning of this phrase is not reasonably clear from its context and common usage. It is unclear whether the items sought are within the scope of Rule 26 discovery.

Plaintiff's request for a further response to set one request number 12 is denied.

7.   **Production Request No. 13:** "All video recordings in connection to this action."

**Response:** "Responding party objects to this request on the grounds that he is not a party to this case and Rule 34 does not authorize the Plaintiff to request production of documents from him. To the extent that a nonparty can be compelled to produce documents, all documents regarding the substance of this

complaint are protected from discovery by the attorney-client privilege and the work product privilege. Responding Party also objects to [ ] the term "in connection to" as vague and ambiguous. No documents will be produced in response to this request."

**Ruling:** Defendant's objections are sustained and/or overruled and Plaintiff's request for a further response denied for the reasons stated in the ruling above for set one request number 12.

8.  **Cross-Motions for Sanctions:**

The parties each seek monetary discovery sanctions.

Pursuant to Federal Rule of Civil Procedure 37(a)(5), the court may order payment of reasonable expenses for bringing a motion or decline to do so if it finds that a party's position is substantially justified or circumstances make the award unjust.

The competing requests for sanctions are both denied. Plaintiff's requests were problematic for the reasons noted above and Defendant appears to have made a good faith effort to resolve the problems and reasonably respond. Similarly, Plaintiff's requests and their modification appear to have been made in a good faith effort to obtain discoverable information and the flaws resulted form Plaintiff's pro se status and apparent inexpedience with such discovery. The Court does not believe either party has acted in bad faith, Roadway Express, Inc. v. Piper, 447 U.S. 752, 767 (1980); Miller v. City of Los Angeles, 661 F.3d 1024, 1036 (9th Cir. 2011).

IV.  **ORDER**

Based on the foregoing, it is HEREBY ORDERED that:

1.  Except as provided below, Plaintiff's Motion to compel further responses to his May 21, 2012 set one request for production items 6, 7, 10, 11, 12, 13, and for sanctions (ECF No. 49) is DENIED;

2.  Defendant request for sanctions (ECF No. 51) is DENIED; and,

3.  Absent some further valid showing of privacy, confidentiality or privilege, Defendant is ordered to produce to Plaintiff within thirty (30) days of the date of this Order all documents in its possession, custody or control

containing, referring to, relating to or otherwise reflecting communications with, to or about escort Paul Lehman and the event and the time period described in the set two production request number 15 or attest that no such documents are currently known to exist beyond those already produced.

IT IS SO ORDERED.

Dated:    May 9, 2013

/s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE