UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EMERY I. FRANKLIN,

Plaintiff,

v.

UNITED STATES,

Defendant.

_________________________________/

CASE No. 1:10-cv-00142-LJO-MJS (PC)

ORDER (1) DENYING PLAINTIFF'S MOTION FOR DISCOVERY SANCTIONS, and (2) DENYING DEFENDANT'S REQUEST FOR COSTS OPPOSING MOTION

(ECF No. 80, 82)

## I. PROCEDURAL BACKGROUND

On January 20, 2010, Plaintiff Emery I. Franklin, a federal prisoner proceeding pro se and in forma pauperis, filed this civil action pursuant to the Federal Tort Claims Act ("FTCA") for personal injuries arising from a motor vehicle accident. (ECF No. 1.) The action proceeds on Plaintiff's second amended complaint for negligence against the United States. (ECF No. 13.) Defendant filed its answer on April 19, 2012. (ECF No. 22.)

Now pending before the Court is Plaintiff's motion for evidentiary sanctions (ECF No. 80) pursuant to Federal Rule of Civil Procedure 37(b)(2) on grounds Defendant failed to comply with the Court's May 9, 2013 order (ECF No. 78) granting in part and denying in part Plaintiff's motion to compel further responses to Plaintiff's request for

production set one. In opposition to the motion (ECF No. 82), Defendant asked that, pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), Plaintiff be ordered to pay Defendant's costs incurred in opposing the motion. Plaintiff filed a reply and supporting affidavit.[1] (ECF Nos. 83 & 84.) The motion is ready for ruling. Local Rule 230(*l*).

## II. ARGUMENT

### A. Plaintiff's Moving

Plaintiff argues that on May 9th the Court ordered Defendant to produce documents, that Defendant intentionally did not comply, and that Rule 37 sanctions "forbidding [D]efendant from offering any direct or rebuttal evidence of any kind on the issue of proximate cause where [D]efendant['s] employee was driving and using a hand-held electronic device while escorting Plaintiff on a medical run" are appropriate. (ECF No. 80 at 9.)

### B. Defendant's Opposition

Defendant argues it did timely respond to the Court's May 9th order, that Plaintiff concedes he received the response, and that the motion should be denied and Plaintiff ordered to pay Defendant's costs in opposing the motion.[2]

### C. Plaintiff's Reply

Plaintiff argues the prison mail system, and in particular Defense counsel's failure to identify mail as from an attorney, delayed his receipt of Defendant's notice of response (ECF No. 79) such that Plaintiff should not be required to pay costs of opposition.

## III. LEGAL STANDARD

"If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders. They may include the following (I) directing that the matters embraced in the order or other designated facts

---

[1] The Court has considered Plaintiff's reply and supporting affidavit, though untimely, Local Rule 230(*l*), in ruling on this motion.

[2] Defendant's costs include "approximately two hours of attorney time at the rate of $300 per hour." (ECF No. 82 at 3:15-16.)

be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence . . . ."

Fed. R. Civ. P. 37(b)(2)(A)(i)(ii).

Pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), the court must order payment of reasonable expenses for opposing a motion that is denied unless the motion was substantially justified or other circumstances make the award of expenses unjust.

**IV. ANALYSIS**

The Court's May 9th order provided in pertinent part that:

> Absent some further valid showing of privacy, confidentiality or privilege, Defendant is ordered to produce to Plaintiff within thirty (30) days of the date of this order all documents in its possession, custody or control containing, referring to, relating to or otherwise reflecting communications with, to or about escort Paul Lehman and the event and the time period described in the set two production request number 15 or attest that no such documents are currently known to exist beyond those already produced.

(ECF No. 78 at 8:6-12).

Defendant filed a notice of response to the May 9th order on June 5, 2013 (ECF No. 79), stating:

> Pursuant to the Order dated May 9, 2013, Doc. 78, the United States has supplemented its response to Plaintiff's Request for Production, Set Two, request number 15, to indicate that no such documents are currently known to exist beyond those already produced.

(ECF No. 79 at 1:16-18.)

Plaintiff concedes in a letter filed June 24, 2013, that he received Defendant's June 5, 2013 response, albeit belatedly due to prison mail procedures. (ECF No. 81.)

The Court finds Defendant's notice of response to be a timely and sufficient compliance with the Court's May 9th order. Plaintiff's motion for sanctions shall be denied.

The Court finds that Plaintiff's failure to withdraw the motion was not sanctionable. Defendant's request for costs of opposing the motion shall be denied.

## V. ORDER

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's motion for sanctions (ECF No. 80) is DENIED; and
2. Defendant's request for costs incurred in opposing this motion (ECF No. 82) is DENIED.

IT IS SO ORDERED.

Dated: July 18, 2013

/s/ Michael J. Seng
UNITED STATES MAGISTRATE JUDGE