# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMERY I. FRANKLIN,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | CASE No. 1:10-cv-00142-LJO-MJS (PC)<br><br>FINDINGS AND RECOMMENDATIONS (1) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, (2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND SUMMARY ADJUDICATION, (3) DENYING DEFENDANT'S COUNTER-MOTION FOR SANCTIONS, (4) DENYING PLAINTIFF'S MOTION TO STRIKE<br><br>(ECF Nos. 53, 62, 63, 68)<br><br>FOURTEEN (14) DAY OBJECTION DEADLINE |

**I.     PROCEDURAL HISTORY**

Plaintiff Emery I. Franklin is a federal prisoner proceeding pro se and in forma pauperis in this Federal Tort Claims Act ("FTCA") personal injury action arising from a motor vehicle accident. (ECF No. 1.) The action proceeds on Plaintiff's second amended complaint for negligence against the United States. (ECF No. 13.)

Plaintiff filed a motion for summary judgment/adjudication of liability. (ECF No. 53.) Defendant filed opposition and a counter-motion for sanctions (asserting Plaintiff misrepresented facts in his motion). (ECF No. 63.) Plaintiff filed a reply (ECF No. 65) and opposition to the counter-motion for sanctions. (ECF No. 66.) Defendant replied.

1

(ECF No. 74.)

Defendant filed its own motion for summary judgment.[1] (ECF No. 62.) Plaintiff filed opposition (ECF No. 67) and moved to strike supporting declarations of Duncan and Ray as inadmissible. (ECF No. 68.) Defendant replied. (ECF No. 75.)

The motions are now deemed submitted. Local Rule 230(*l*).

## II.   SUMMARY OF SECOND AMENDED COMPLAINT

On December 17, 2008, Plaintiff was returning to United States Penitentiary, Atwater ("Atwater") from an outside medical procedure. (ECF No. 12 at 4.) Plaintiff was a passenger in a Bureau of Prisons (BOP) van driven by Paul Lehman, an Atwater Correctional Officer. (Id.) The van collided head-on with another vehicle. (Id.)

Plaintiff claims Lehman was speeding and driving recklessly. (Id.)

After the impact, Plaintiff was in pain and could not move. (Id.) Lehman lifted Plaintiff and put him in the chase car. (Id. at II; ECF 70 at 99.) Plaintiff was transported back to prison and then by ambulance to the hospital. (Id.)

The collision caused blunt force trauma, injured Plaintiff's tailbone, and fractured a vertebrae. The injuries have limited Plaintiff's prison employment opportunities. (Id.)

Plaintiff filed a claim with the BOP, Western Region on January 2, 2009. His claim was denied on April 27, 2009. (Id.) On May 15, 2009, Plaintiff filed an appeal that was denied by BOP's counsel on October 29, 2009. (Id.; ECF 70 at 102.)

Plaintiff seeks monetary damages against the United States, the sole Defendant.

## III.   SUMMARY JUDGMENT STANDARD

Any party may move for summary judgment, and the Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Washington Mutual Inc. v. U.S., 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's

---

[1] Pursuant to Woods v. Carey, 684 F.3d 934 (9th Cir. 2012) and Rand v. Rowland, 154 F.3d 952 (9th Cir. 1998), Defendant notified Plaintiff of his rights, obligations and methods for opposing Defendant's motion. (ECF No. 62 at 2:3-3:7.)

position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1). While the Court may consider other materials in the record not cited to by the parties, it is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001).

In resolving cross-motions for summary judgment, the Court must consider each party's evidence. Johnson v. Poway Unified School Dist., 658 F.3d 954, 960 (9th Cir. 2011). Plaintiff bears the burden of proof at trial, and to prevail on summary judgment, he must affirmatively demonstrate that no reasonable trier of fact could find other than for him. Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007). Defendant does not bear the burden of proof at trial and in moving for summary judgment, he need only prove an absence of evidence to support Plaintiff's case. In re Oracle Corp. Securities Litigation, 627 F.3d 376, 387 (9th Cir. 2010).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n, 322 F.3d 1039, 1046 (9th Cir. 2002); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).

The evidence of the opposing party is to be believed, Anderson, 477 U.S. at 255,

and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. Matsushita, 475 U.S. at 587, citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which an inference may be drawn. Richards v. Nielsen Freight Lines, 602 F.Supp. 1224, 1244–45 (E.D. Cal. 1985), affirmed 810 F.2d 898, 902 (9th Cir. 1987).

The evidence produced on summary judgment need not be in a form that is admissible, but the evidence must be capable of being converted into admissible evidence at trial. Jones v. U.S. 2013 WL 1289863 at *2 (D.D.C. March 31, 2013); see e.g., Richards v. Option One Mortgage, No. 08 Civ. 0007(PLF) 2009 WL 2751831, at *1 n.3 (D.D.C. August 28, 2009) (hearsay statement may be converted into admissible evidence if a witness with personal knowledge can testify to the statement at trial).

## IV. ANALYSIS

### A. Defendant's Counter-Motion for Sanctions

The court may impose sanctions where an affidavit or declaration is submitted in bad faith, Fed. R. Civ. P. 56(h), prejudicing the opposing party. Grube v. Lau Indus., Inc., 257 F.3d. 723, 731 (7th Cir. 2001). Additionally, the court may impose sanctions where a declaration includes contentions that are unwarranted or unsupported and thus objectively unreasonable. Fed. R. Civ. P. 11; See Business Guides, Inc., v. Chromatic Communications Enterprises, Inc., 498 US 533, 551 (1991).

Defendant contends Plaintiff's motion for summary judgment deliberately misleads the Court by omitting facts of Westin Patterson's involvement in the accident and his settlement with Plaintiff; mischaracterizing certain of Defendant's responses to requests for admissions; and failing to completely disclose the Merced Police Department Traffic Collision Report ("Collision Report").

Plaintiff contends he did disclose the state lawsuit against Patterson in the

second amended complaint and did not conceal the settlement and argues that sanctions are inappropriate.

The undersigned recommends Defendant's motion for sanctions be denied. The state court settlement, referenced in § I of the second amended complaint, is not only not dispositive of Plaintiff's claim in this action, but it is of questionable relevance. Negligence and liability on the part of one of two drivers in a two car accident does not negate negligence and liability on the part of the other. The settlement is not a final judgment on the merits of Plaintiff's claim against Defendant. No res judicata or collateral estoppel effect is accorded the settlement in this action. Rest.2d Judgments § 17; see Adams v. California Dep't of Health Servs., 487 F.3d 684, 688–89 (9th Cir. 2007); see also Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001).

Nor does the settlement charge Plaintiff with any admission of non-liability on the part of Defendant's agent, Lehman. See Brown v. Pacific Elec. Ry. Co., 79 Cal.App. 2d. 613, 616 (Cal. Ct. App. 1947) (evidence of settlement with a third party, in the absence of other proof, shows no more than the diligence of one party to buy its peace with another).

Though reference to such facts would have gone far to bolster Plaintiff's credibility in the eyes of the Court, he has no specific obligation to include unfavorable, questionably admissible, facts, and there is no specific evidence he acted unreasonably or to deceive. Any perceived mischaracterization of evidence is just as likely attributable to his inexperience with legal processes. See Riddick v. Summit House, Inc., 835 F.Supp. 137, 146 (S.D.N.Y. 1993) (Rule 11 sanctions not warranted where no factual misstatements made).

**B.   Plaintiff's Motion to Strike Declarations**

A party may object to supporting materials on grounds of admissibility. Fed. R. Civ. P. 56(c)(2). "An affidavit or declaration used to support or oppose a motion must be

made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4); Bieghler v. Kleppe, 633 F.2d 531, 533 (9th Cir. 1980).

Plaintiff moves to strike the declarations of Duncan and Ray (to the effect that Lehman was traveling at only 30 mph) on grounds they are hearsay, not made on personal knowledge and from questionable sources who received settlement payments from Patterson's insurance company. (Mot. Strike, ECF 68, ¶¶ 2, 3, 10; ECF No. 70 at 7.)

These objections should be overruled. Ray and Duncan, on-duty BOP officers, were present and observed firsthand the travel of the BOP van immediately prior to the accident. (Duncan Decl., ECF 62-3 at ¶ 6; Ray Decl., ECF 62- 5 at ¶ 7.) These statements are not hearsay. Fed. R. Evi. 801(c). Plaintiff's suggestion these witnesses are biased and not credible goes to the weight, not the admissibility of their testimony.

### C. Cross-Motions for Summary Judgment[2]

#### 1. Federal Tort Claims Act Standard

The FTCA provides a remedy for individuals seeking relief against federal actors for tort claims. 28 U.S.C. § 1346. "The FTCA allows federal inmates to sue the United States for injuries sustained while incarcerated. 28 U.S.C. § 2674. The FTCA specifies that the liability of the United States is to be determined "in accordance with the law of the place where the [allegedly tortious] act or omission occurred." Rhoden v. United States, 55 F.3d 428, 430 (9th Cir. 1995), quoting 28 U.S.C. § 1346(b). The FTCA waives sovereign immunity only where local law would make private person liable in tort under like circumstances. U.S. v. Olson, 546 U.S. 43, 46 (2005); see Richards v. United States, 369 U.S. 1, 11 (1962) ("Thus, we conclude that a reading of the statute as a whole, with due regard to its purpose, requires application of the whole law of the state where the act or omission occurred."); Taylor v. United States, 821 F.2d 1428, 1433 (9th

---

[2] Parties' evidentiary objections are overruled unless otherwise indicated.

Cir. 1987) ("The extent of the government's liability is a matter of federal law (28 U.S.C. §§ 1346(b), 2674), albeit determined according to state standards.").

Under California law a public employee is liable for injury to a prisoner "proximately caused by his negligent or wrongful act or omission." Cal. Gov't Code § 844.6(d). "The elements of a negligence cause of action are: (1) a legal duty to use due care; (2) a breach of that duty; (3) the breach was the proximate or legal cause of the resulting injury; and (4) actual loss or damage resulting from the breach of the duty of care."[3] Brown v. Ransweiler, 171 Cal.App.4th 516, 534 (Cal. Ct. App. 2009).

California follows a pure comparative negligence rule where a party's negligence is compared to the combined negligence of all tortfeasors, whether or not joined as parties, and reduced proportionately. American Motorcycle Assn v. Superior Court of Los Angeles County, 20 Cal.3d 578, 590 (Cal. 1978).

An act is a proximate or legal cause of an injury if it is a necessary antecedent of an event. PPG Industries, Inc. v. Transamerica Ins. Co., 20 Cal. 4th 310, 315 (Cal. 1999). Under California law an act must be a substantial factor in bringing about the injury; an act is not a substantial factor if the harm would have been sustained even if the actor had not been negligent. Rutherford v. Owens-Illinois, Inc., 16 Cal. 4th 953, 968-69 (Cal. 1997), as modified on denial of reh'g, (Oct. 22, 1997). If a substantial factor, the act or omission need not be the sole cause of harm. Gonzalez v. Derrington, 56 Cal. 2d 130, 133 (Cal. 1961).

Even when the state law supplies a substantive rule of decision, the Ninth Circuit uses the federal standard for measuring whether the evidence is sufficient to raise a fact question. That test inquires whether evidence in its entirety would rationally support a verdict for Plaintiff, assuming evidence viewed most favorably to Plaintiff. Bieghler, 633 F.2d at 533.

Summary judgment is rarely granted in negligence actions. Hughes v. American

---

[3] Every person is responsible for injuries to another by his or her want of ordinary care. Cal. Civ. Code § 1714(a).

Jawa, Ltd., 529 F.2d 21, 23 (8th Cir. 1976). Issues of negligence, due care, and causation usually require jury resolution of competing inferences. Majano v. United States, 469 F.3d 138, 140-41 (D.C. Cir. 2006); Goodman v. Staples The Office Superstore, LLC, 644 F.3d 817, 823-24 (9th Cir. 2011). Only when the evidence in support of the motion shows clearly the moving party would be entitled to directed verdict were the case to proceed to trial, should the motion be granted. Bieghler, 633 F.2d at 533. See also Iolab Corp. v. Seaboard Sur. Co., 15 F.3d 1500, 1506, fn.4 (9th Cir. 1994) (causation is normally a question of fact for the jury and becomes an issue of law only where under the undisputed facts reasonable minds could not differ on the outcome).

### 2.    Negligence Causation

Defendant contends it is entitled to summary judgment because Plaintiff does not have competent evidence that its agent Lehman was a cause of the accident and Plaintiff's injuries. The accident, according to Defendant, was caused entirely by Patterson, who admitted one hundred percent liability for the accident in settling Plaintiff's state law negligence suit against him for ten thousand dollars.[4] Defendant submits as evidence the declarations of Ray, Duncan, Lehman, and Patterson, and the Collision Report, to support its claims that: Patterson crossed into the northbound lane and collided head-on with the BOP van; neither driver had time to react; the vehicles came to rest in the northbound lane; Lehman was not speeding or driving recklessly and not cited; Patterson was cited for unsafe speed.

Plaintiff contends he is entitled to summary judgment or adjudication of liability in his favor because Lehman was speeding and driving recklessly and played a causative role in the harm Plaintiff suffered. In support, Plaintiff submits his affidavits and deposition testimony as to speed and recklessness, and circumstantial evidence from Defendant's discovery responses (i.e., that Lehman had another medical run at 2:00

---

[4] Merced Superior Court Case Number CV001457.

p.m.) to support the claim that Lehman was rushing, speeding and driving recklessly and swerving into the oncoming lane at the time of the accident. Plaintiff notes the Collision Report includes an estimate by "witness 1" that the BOP van was traveling 40 mph in a 30 mph zone. (Collision Report at 2.)

Plaintiff also claims that following the accident Lehman negligently grabbed him and dragged him from the van to the chase car in a manner that caused further pain and injury.

### a.     The Accident

Given the admissions of Patterson and, to the extent admissible, the opinions and conclusions of the investigating police officer, it is questionable whether a jury would attribute liability for the accident to Lehman.[5] However, **there is evidence** before this Court that Lehman was speeding, driving recklessly, and even swerving into the oncoming lane immediately before the accident.  There apparently is one witness, identified in the Collision Report as Officer Duncan, who concluded that Lehman was speeding; he can be expected to so testify or to try to explain away the statement attributed to him. There also is circumstantial evidence that Lehman had an incentive to be, and therefore may have been, driving fast. Such evidence, if believed, could justify a jury finding Lehman negligent and a proximate cause of Plaintiff's injuries.

In short, the evidence, even though not evenly weighted, is in conflict. That conflict must be resolved by the jury and cannot be resolved by the Court on summary judgment. There is a genuine dispute of fact as to whether Lehman drove negligently and contributed to the accident and to Plaintiff's injuries. PPG Industries, Inc., 20 Cal. 4th at 310.[6]

---

[5] Neither party has demonstrated, for purposes of the instant motions, that the Collision Report is capable of conversion into admissible evidence at trial and the undersigned expresses no opinion thereon. See Jones, 2013 WL 1289863 at *3; see also Beech Aircraft Corp. v. Rainey, 488 U.S. 153, 162 (1988) (requiring factually based conclusions or opinions in public records); Desrosiers v. Flight International of Florida, Inc. (156 F.3d 952, 962 (9th Cir. 1998) (court need not admit under Rule 803(8) opinions which are untrustworthy).

[6] A breach of a duty imposed by law is within the definition of negligence, Elsner v. Uveges, 34 Cal. 4th

9

### b. Moving Plaintiff after the Accident

The undersigned also finds a genuine dispute of fact as to whether Lehman moved Plaintiff from the BOP van in a manner breaching a duty of care[7] and thereby played a part in the harm caused to Plaintiff.

Plaintiff offers his affidavit that immediately after the accident he told Lehman "I'm in pain and can't move. Call an ambulance!" (ECF No. 70 at 113), that Lehman grabbed [him] by the arm and said "come on" . . . and that he pulled [Plaintiff] up out of the seat" and dragged Plaintiff to the chase car while Plaintiff was "crying in pain" (Id.), leaving Plaintiff in more pain that he had been before Lehman grabbed him. (Id.).

Defendant Disputes these claims. (Patterson Decl. at ¶ 4.)

### c. Summary

Each party has failed to rebut the other's evidentiary showing with evidence that would rationally support a verdict in its favor on the issue of causation.[8] Anderson, 477 U.S. at 248. The competing evidence and inferences require jury resolution. Hughes, 529 F.2d at 23. Defendant's motion for summary judgment should be denied. Plaintiff's motion for summary judgment/adjudication should be denied.

## V.  LEGAL CONCLUSIONS AND RECOMMENDATIONS

Sanctions against Plaintiff are not appropriate.

The declarations of Ray and Duncan are not inadmissible on grounds of hearsay, lack of personal knowledge, and lack of reliable source.

There is a genuine dispute of material fact as to negligence and causation such that the cross-motions for summary judgment should be denied.

---

915, 929 (Cal. 2004), such that failure to conform to that standard is negligence per se, i.e., duty and breach established. Law v. Shoate, 178 Cal.App.2d 739, 743 (Cal. Ct. App. 1960). See also Lawson v. Superior Court, 180 Cal.App.4th 1372, 1389 (Cal. Ct. App. 2010) (a jailer has a special relationship with a prisoner which creates a duty of care).

[7] See Lawson, 180 Cal.App.4th at 1389.

[8] The undersigned declines to reach the balance of parties' arguments and evidence and no opinion is expressed thereon.

The undersigned recommends that:

1. Defendant's counter-motion for sanctions (ECF No. 63) be DENIED;
2. Plaintiff's motion to strike (ECF No. 68) be DENIED;
3. Defendant's motion for summary judgment (ECF No. 62), be DENIED; and
4. Plaintiff's motion for summary judgment (ECF No. 53) be DENIED.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a copy of that party's objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   August 20, 2013           /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE

11