# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMERY I. FRANKLIN,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES,<br><br>  Defendant. | Case No. 1:10-cv-00142-LJO-MJS (PC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATIONS 1) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, (2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND SUMMARY ADJUDICATION, (3) DENYING DEFENDANT'S COUNTER-MOTION FOR SANCTIONS, (4) DENYING PLAINTIFF'S MOTION TO STRIKE**<br><br>**(ECF No. 86)**<br><br>**CASE TO REMAIN OPEN** |

Plaintiff Emery I. Franklin is a federal prisoner proceeding pro se and in forma pauperis in this Federal Tort Claims Act ("FTCA") personal injury action arising from a motor vehicle accident. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 of the United States District Court for the Eastern District of California.

On August 21, 2013, the Magistrate Judge issued findings and recommendations (1) denying Defendant's counter-motion for sanctions (ECF No. 63), (2) denying Plaintiff's

1

1  motion to strike (ECF No. 68), (3) denying Defendant's motion for summary judgment (ECF
2  NO. 62), and (4) denying Plaintiff's motion for summary judgment and summary
3  adjudication (ECF No. 53.) Any objection to the findings and recommendations was due by
4  September 9, 2013. (Id.) On September 4, 2013, Defendant filed objections to the findings
5  and recommendations. (ECF No. 88.) Plaintiff filed a response to Defendant's objections on
6  September 16, 2013. (ECF No. 90.)
7        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has
8  conducted a de novo review of this case. Having carefully reviewed the entire file, the Court
9  finds the findings and recommendations to be supported by the record and by proper
10 analysis.
11       Defendant objects on grounds that the driver of the other vehicle, Westin Patterson,
12 was the sole cause of the collision and harm to Plaintiff; that the Collision Report and
13 Officer Duncan's alleged statement therein along with circumstantial evidence of Lehman's
14 transport schedule are not admissible evidence Officer Lehman was speeding and are
15 contrary to the BOP officers' sworn testimony; that the speed of the BOP van is not material
16 to causation; and that Plaintiff has not claimed, and waived any claim that Lehman injured
17 him after the collision as a result of being moved.
18       Plaintiff responds that the Traffic Collision Report has been properly offered in
19 evidence as an official record exempt from hearsay and not precluded by witness
20 availability and designation deadlines not yet imposed by the Court; that his testimony
21 Lehman was speeding is competent and admissible evidence; that he has claimed injury as
22 a result of being moved after the collision; and that he suffered serious harm.
23       The Magistrate considered these matters in his findings and recommendations and
24 for the reasons given therein the issue of negligence causation remains in dispute. It is
25 enough on summary judgment that evidence objected to by Defendant be capable of
26 conversion into admissible evidence at trial. Jones v. U.S. 2013 WL 1289863 at *2 (D.D.C.
27 March 31, 2013). Defendant has not shown, and the Magistrate did not find that the
28 objected to evidence cannot be presented as admissible evidence at trial. Moreover,

Plaintiff's FTCA claim, filed as a result of the December 17, 2008 incident and referenced in his pleading, alleges he was moved by a corrections officer after the accident and suffered harm. (ECF No. 70 at Exhibit T.)

Viewing inferences in favor of Plaintiff, there remains conflicting evidence and a genuine dispute of fact as to the manner in which Officer Lehman was operating the BOP van at the time of the collision and whether Lehman negligently contributed to the collision and Plaintiff's injuries.

Defendant's objections lack merit for the reasons stated and fail to raise an issue of law or fact under the findings and recommendations.

Accordingly, it is HEREBY ORDERED that:

1. The Court adopts the findings and recommendations filed on August 21, 2013 (ECF No. 86) in full;
2. Defendant's counter-motion for sanctions (ECF No. 63), Plaintiff's motion to strike (ECF No. 68), Defendant's motion for summary judgment (ECF No. 62), and Plaintiff's motion for summary judgment and summary adjudication (ECF No. 53.) are DENIED; and
3. The Clerk of the Court is directed that this action shall remain open.

IT IS SO ORDERED.

Dated:   **September 19, 2013**          /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE