# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMERY I. FRANKLIN,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES,<br><br>    Defendant. | Case No. 1:10-cv-00142-LJO-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR STAY**<br><br>**(ECF No. 103)** |

Plaintiff Emery I. Franklin is a federal prisoner proceeding pro se and in forma pauperis in this Federal Tort Claims Act ("FTCA") action. A Pretrial Conference is set for June 13, 2014. Trial is set for August 12, 2014.

Plaintiff has filed a "Letter to the Judge", seeking to stay this action because he has been transferred to a new facility and separated from his legal property.

"The district court has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706–07 (1997), citing Landis v. North American Co., 299 U.S. 248, 254 (1936). "The proponent of the stay bears the burden of establishing its need." Id. at 706. The Court considers the following factors when ruling on a request to stay proceedings: (1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice, measured in terms of the

1

simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. Filtrol Corp. v. Kelleher, 467 F.2d 242, 244 (9th Cir. 1972), quoting CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).

Plaintiff fails to demonstrate need for a stay. There is no reason to believe that this transfer will result in anything but a temporary separation between Plaintiff and his property. Plaintiff's access to his legal materials should be regained in sufficient time for him to prepare his case. See Young v. I.N.S., 208 F.3d 1116, 1119 (9th Cir. 2000) (strength of justification for stay should balance length of any stay granted).

Additionally, staying this action would create a risk of prejudice to the Defendant. "[D]elay inherently increases the risk that witnesses' memories will fade and evidence will become stale". Yourish v. California Amplifier, 191 F.3d 983, 991 (9th Cir. 1999); see Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976) (a presumption of injury arises from delay in resolving an action). Delay also disrupts the Court's schedules.

For the foregoing reasons, Plaintiff's Letter to the Judge (ECF No. 103), construed as a motion for stay is DENIED.

IT IS SO ORDERED.

Dated:   February 27, 2014             /s/ *Michael J. Seng*
                                       UNITED STATES MAGISTRATE JUDGE