UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMERY LEE FRANKLIN, III., | Case No. 1:10-cv-00142-HBK (PC) |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT[1] |
| v. | |
| UNITED STATES OF AMERICA, | (Doc. No. 152) |
| Defendant. | |

On September 21, 2022, Plaintiff filed a "letter to the judge" requesting the Court, inter alia, reopen this case and enter judgment in his favor. (Doc. No. 152). The Court liberally construes the letter to be a motion under Federal Rule of Civil Procedure 60. For the reasons stated below, the Court denies the motion.

The docket reveals this case proceeded to a two-day bench trial. (Doc. Nos. 142, 143). Consistent with Fed. R. Civ. P. 52(a)(1), the court issued its oral ruling and stated its findings and conclusion on the record. (Doc. No. 143). Judgment was entered in favor of Defendant on August 15, 2014, and the case was closed. (Doc. No. 146). Plaintiff did not timely file either a Rule 52(b) or Rule 59 motion or appeal the judgment. Indeed, more than eight years has elapsed since judgment was entered.

---

[1] The parties consented to United States magistrate judge jurisdiction in this matter. (Doc. No. 117).

The construed motion is 1 1/2 pages in length.  Plaintiff acknowledges he filed a claim in January 2009 under the Federal Tort Claims Act and proceeded to a trial on his claim in August 2014.  (Doc. No. 152 at 1).  Plaintiff states that the injuries he sustained during the motor vehicle accident "were recently aggravated" and, despite being in "serious pain" since August 15, 2022, he is not receiving medical care.  (*Id*. at 1).

The Court construes the motion as seeking relief from a judgment under Federal Rule of Civil Procedure 60(b).  Federal Rule of Civil Procedure 60(b) provides relief from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or  misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  A motion under Rule 60(b) must be brought within a reasonable time. And, for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.  Local Rule 291.2 sets forth the grounds for seeking a new trial.  A Rule 60(b) motion lies within the discretion of the court.  Because such motions undo a final judgment, relief under Rule 60(b) is limited and granted sparingly in extraordinary circumstances. *See Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1173 (9th Cir. 2017).

Because Plaintiff's motion does not specify any of the six enumerated reasons, the Court construes the motion as brought under the broad reach of Rule 60(b)(6).  While broad in reach, relief under Rule 60(b)(6) nonetheless requires a fact-intensive balancing of finality and doing justice.  *See Hall v. Haws*, 861 F.3d 977, 987 (9th Cir. 2017).

Plaintiff's motion is devoid of any reason why the Court should reconsider its previous judgment and reopen this case under Rule 60.  Plaintiff states he is not receiving necessary

medical care for unspecified injuries that have recently been aggravated.  Plaintiff's claim constitutes a new claim for which Plaintiff must initiate a new civil action to the extent he believes officials are denying him necessary medical care.  He cannot resurrect this closed action.

Accordingly, it is **ORDERED**:

1. Plaintiff's construed motion for relief from judgment (Doc. No. 152) is DENIED.

2. The Clerk of Court shall include a "Prisoner Civil Rights Packet" with this Order for Plaintiff's use, if appropriate.

Dated:    December 6, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3